ELLIOT ENOKI #1528
Acting United States Attorney
District of Hawaii



LAWRENCE L. TONG #3040
Chief, Fraud and Financial Crimes Section

MICHAEL NAMMAR
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  michael.nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00573 SOM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA |
| vs. | ) | AGREEMENT |
| | ) | |
| MAULIA LABARRE, | ) | Date:     July 11, 2017 |
| | ) | Time:     9:45 a.m. |
| Defendant. | ) | Judge:    Susan Oki Mollway |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the Acting United States

Attorney for the District of Hawaii, and Defendant MAULIA LABARRE, through his attorney, Jeffrey Arakaki, Esq., have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with five counts of honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant agrees to enter a voluntary plea of guilty to Count 1 of the Indictment, which charges him with honest services wire fraud. The United States agrees to move for a dismissal of Counts 2-5 of the Indictment after sentencing. Defendant understands, however, that the conduct associated with Counts 2-5 of the Indictment will be considered by the Court at sentencing. In addition, Defendant understands that the conduct associated with Counts 2-5 is considered relevant conduct under the sentencing guidelines, and that the Court will use all of the conduct alleged in the Indictment to determine the Defendant's applicable guideline range.

5. Defendant agrees that this Memorandum of Plea Agreement shall be

filed and become part of the record in this case.

6.   Defendant enters this plea because he is in fact guilty of honest services wire fraud, as charged in Count 1 of the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7.   Defendant understands that the penalties for the offense to which he is pleading guilty include a term of imprisonment of up to 20 years, a fine of up to $250,000, a term of supervised release of up to three years, and mandatory restitution pursuant to Title 18, United States Code, Section 3663A, to victims and in amounts to be identified by the Court, with the assistance of the Probation Office.

In addition, the Court must impose a $100 special assessment for the offense to which Defendant is pleading guilty.  Defendant agrees to pay the $100 special assessment to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

Defendant was a police officer for the Honolulu Police Department (HPD). As a HPD officer, Defendant was responsible for, among other things, promoting public safety and enforcing criminal laws within the City and County of Honolulu. Defendant had a duty of honesty and loyalty to the citizens of the City and County of Honolulu and the HPD to act in the public's interest and not for his own illicit enrichment. As a HPD officer, Defendant had access to certain computer databases that contain information regarding individuals' phone numbers, addresses, and criminal histories. Access to these databases, and the use of the information contained therein, was restricted to official users acting within the scope of their official duties.

From on or about January 31, 2016, and continuing through on or about April 19, 2016, in the District of Hawaii, the Defendant knowingly devised a scheme and artifice to defraud and deprive the citizens of the City and County of Honolulu and the HPD of the Defendant's honest and faithful services through bribery and the concealment of material information.

It was part of the scheme and artifice to defraud that the Defendant secretly used his official position to enrich himself by soliciting and agreeing to accept sex from an individual (Individual A) in exchange for the promise of providing Individual A with favorable official action in a pending criminal case involving prostitution charges as follows:

a. The Defendant accessed official law enforcement databases to obtain information about Individual A's arrest for prostitution.

b. The Defendant obtained Individual A's telephone number, and exchanged a number of text messages and phone calls with her, during which the Defendant identified himself as a police officer and solicited, and agreed to accept, sex from her in exchange for arranging to have her arresting officer not appear in court during Individual A's pending criminal case.

c. The Defendant attempted to hide, conceal, and cover up his activity and the nature and scope of his dealings with Individual A, including deleting text messages he exchanged with Individual A from his cellular phone and failing to save Individual A's phone number in his cellular phone contacts.

On January 31, 2016, for the purpose of executing the aforesaid scheme and artifice to defraud, the Defendant did knowingly cause to be transmitted a wire communication in interstate commerce, to wit: a text message from his phone to the phone of Individual A stating, "I can help you with that maybe get the cased [*sic*] dropped." This particular text message passed through a Verizon server in New Jersey.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Factual stipulations: the parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

    b. Offense level stipulations:

(i) pursuant to U.S.S.G. § 2C1.1(a)(1), the Defendant's base offense level should be 14 because he was a public official;

(ii) pursuant to U.S.S.G. § 2C1.1(b)(1), the offense did not involve more than one bribe or extortion;

(iii) pursuant to U.S.S.G. § 2C1.1(b)(2), the value of the payment/benefit in this case did not exceed $6,500;

(iv) the United States Attorney agrees that Defendant's agreement to enter a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to U.S.S.G. § 3E1.1(b)(2), if Defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties reserve the right to dispute any fact or Guidelines calculation not explicitly stipulated to in this agreement.

13. The Defendant is aware that he has the right to appeal his conviction and the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his conviction and sentence, or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that Defendant may make such a challenge (1) as indicated in

subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

  b. If the Court imposes a sentence greater than that specified in the guideline range determined by the Court to be applicable to Defendant, the Defendant retains the right to appeal the portion of his sentence greater than that specified in that guideline range and the manner in which that portion was determined under Section 3742, and to challenge that portion of his sentence in a collateral attack.

  c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides

that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, July 11, 2017.

ELLIOT ENOKI
Acting United States Attorney
District of Hawaii

_____
LAWRENCE L. TONG
Chief, Fraud and Fin. Crimes Section

_____
MICHAEL NAMMAR
Assistant U.S. Attorney

_____
MAULIA LABARRE
Defendant

_____
JEFFREY ARAKAKI, ESQ.
Attorney for Defendant